IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| COLLEEN J. BENTLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE ASSETS TRUST, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:09-CV-588 TS |

Plaintiff moves for an ex parte Temporary Restraining Order without notice to enjoin Defendant Blaser and any other defendant from obtaining possession of the property where Plaintiff and her family reside (the property). Plaintiff also moves for a Preliminary Injunction seeking the same relief.

Plaintiff's Motion alleges as follows: On June 23, 2009, Blaser purchased the property at a Trust Deed sale; On June 30, 2009, Blaser filed an unlawful detainer action in state court seeking possession of the property; On July 2, 2009, after Blaser had purchased the property, the present case was filed in federal court; On August 31, 2009, there was a state court hearing on the unlawful detainer action in which Blaser prevailed.

1

In addition, the Court notes that there is no copy of any such state court order attached to the Motion. There is an attached note by a non-party saying no Unlawful Detainer Order has yet been entered by the state court.[1]

In order to obtain an ex parte TRO, Rule 65(b)(1)(A) and (B) of the Federal Rules of Civil Procedure permit issuance of a TRO on an ex parte basis "*only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required."[2]

In the instant case, Plaintiff's Motion has not met the requirements of Rule 65(b)(1) for issuance of an ex parte TRO, because been there is no certification from the attorney addressing specific reasons why notice should not be given to Blaser before issuance of the TRO. It is therefore

---

[1] Pl.'s Ex. J.

[2] Fed.R.Civ.P. 65(b)(1)(a) and (b) (emphasis added).

ORDERED that Plaintiff's Motion for an Ex Parte Temporary Restraining Order is DENIED. The Court will set the Motion for a Preliminary Injunction at the first available time by separate notice.

DATED   September 4, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge