IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLLEEN J. BENTLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE ASSETS TRUST 2007-3 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-3, beneficiary by AMERICAN HOME MORTGAGE SERVICING, INC., as agent and attorney in fact; SAND CANYON CORPORATION, successor to OPTION ONE MORTGAGE CORPORATION; STEVEN BLASER; and JOHN DOES 1 through 5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CV-588 TS |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED.R.CIV. P. 12(b)(6). For the reasons set forth below, the Court will grant the Motion.

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][her] claims across the line from conceivable to plausible" to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Twombly*, 550 U.S. at 547 (2007).

pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[7] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] 129 S.Ct. 1937 (2009).

[9] *Id*. at 1949.

[10] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[11] *Id*. (quoting *Twombly*, 550 U.S. at 557).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

Dismissal under FED.R.CIV.P. 12(b)(6) "fully disposes of the case, and it must therefore be with prejudice."[13] However, "[a]s a general matter, a party should be granted an opportunity to amend his claims prior to dismissal with prejudice."[14]

## II. FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges the following: On or about December 26, 2006, American Brokers Conduit (ABC) made two mortgage loans secured by Deeds of Trust against Plaintiff Colleen J. Bentley's (Plaintiff) residence in Riverton, Utah. The first loan was for approximately $600,000, and the second loan amounted to $255,000. Defendant American Home Mortgage (Defendant) subsequently acquired the "note and mortgage" by assignment from ABC. During the closing process, Plaintiff was given a form that stated her APR was 6.467%, but was not given further details that explained what APR meant. Further, Plaintiff claims that while she knew that fees in the amount of $5714.65 were being charged for the mortgage loan, she did not receive an explanation of what those fees entailed and why they were being charged. In addition, Plaintiff was given documents entitled "Notice of Right to Cancel," yet claims that she was not informed as to what the documents meant, nor how to use them if needed.

---

[12] *Id*. at 1949-50 (internal quotation marks and citations omitted).

[13] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).

[14] *Id.* at 1207 n.5.

On June 19, 2009, Plaintiff sent Defendant a Notice of Recision. Three days later, during a non-judicial foreclosure sale, the property was sold to Defendant Blaser. On July 1, 2009, Plaintiff filed her complaint and seeks to rescind the second loan under the Truth in Lending Act "TILA," as described in 15 U.S.C. § 1635. Specifically, Plaintiff alleges that the loan is rescindable under § 1635(a) and § 1635(i). Plaintiff also alleges a third cause of action, conspiracy to defraud, and is seeking damages. An Amended Complaint was subsequently filed and Defendant now moves to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6).

### III. DISCUSSION

A. RESCISSION

Plaintiff alleges in her first cause of action that she is entitled to rescind the loan against Defendant pursuant to 15 U.S.C. § 1635(a), and that she gave timely notice of that rescission to the Defendant. Section 1635(a) provides:

> [I]n the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.[15]

---

[15] 15 U.S.C. § 1635(a).

Plaintiff fails to state a cause of action where relief may be granted because 15 U.S.C. § 1635(a) is not applicable to this case. According to § 1635(e)(1), residential mortgages are listed as exempt transactions.[16] A residential mortgage, as applied to § 1635, means: "a transaction in which a mortgage, *deed of trust*, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[17] Based on the factual allegations in the Amended Complaint, Plaintiff acknowledges that the two mortgage loans were secured by Plaintiff's residence with recorded Deeds of Trust. Therefore, 15 U.S.C. § 1635(a) does not apply to this case. A number of courts, including this one, have reached this same conclusion.[18]

Plaintiff alleges a second cause of action under 15 U.S.C. § 1635(i). This provision provides:

[A]fter the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section if–

(A) a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or

(B) the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written notice, and otherwise complied with all the requirements of this section regarding notice.[19]

---

[16] *Id*. § (e)(1).

[17] *Id.* § 1602 (w) (emphasis added).

[18] *See, e.g., Ramos v. Countrywide Bank, FSB,* 2009 WL 3584327, *2-3 (D. Utah Oct. 26, 2009); *Seely v. Countrywide Bank, FSB,* 2009 WL 4730788 *2 (D. Utah Dec. 7, 2009); *Shelburne v. Academy Mortg. Corp.*, 2009 WL 3459869, *3 (D. Utah Oct. 21, 2009); *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1261 (D. Colo. 2004).

[19] 15 U.S.C. § 1635(i).

However, for similar reasons relating to Plaintiff's first cause of action, 15 U.S.C. § 1635(i) does not apply in this case because "residential mortgage transactions" are exempt from § 1635, which necessarily includes § 1635(i). Based on Plaintiff's alleged facts, the loan that Plaintiff seeks to rescind was a residential mortgage transaction and thus does not fall within the scope of § 1635. Therefore, Plaintiff's two causes of action brought under the Truth and Lending Act fail to state a claim and should be dismissed.

B. CONSPIRACY TO DEFRAUD

Plaintiff's third cause of action alleges conspiracy to defraud. For a plaintiff to bring a successful claim of fraud against a defendant, "all the elements of fraud must be established by clear and convincing evidence."[20] The elements that must be shown are:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[21]

Plaintiff's allegation of fraud must meet the requirements set out in FED.R.CIV.P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the party making the false statements

---

[20] *Secor v. Knight*, 716 P. 2d 790, 794 (Utah 1986) (citations omitted).

[21] *Id.*

and the consequences thereof.'"[22] "Rule 9(b) requires that a plaintiff set forth the who, what, where and how of the alleged fraud."[23]

Plaintiff fails to meet the pleading requirements of Rule 9(b). The Amended Complaint alleges that through employees, agents, and independent contractors, Defendant conspired to defraud Plaintiff by refusing to accept an offer of $480,000 by the Plaintiff and then subsequently selling the property two days later for the price of $345,000 to Steven Blasser.

Plaintiff's allegations are insufficient to support a claim for fraud. Plaintiff's allegations are merely "'naked assertion[s]'devoid of 'further factual enhancement.'"[24] Those facts which are alleged do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff does not describe with sufficient specificity what representations were made, who made them, and when those representations were made. As a result, they do not even meet the requirements of FED.R.CIV.P. 8. Nor do these broad, vague, and conclusory allegations meet the stricter requirements of Rule 9(b).

Turning to Plaintiff's conspiracy claim, under Utah law Plaintiff must show five elements in order to prove a civil conspiracy: "(1) a combination of two or more persons; (2) an object to be

---

[22] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991)).

[23] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[24] *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

8

accomplished; (3) a meeting of the minds on the object of course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result thereof."[25]

Plaintiff's Amended Complaint fails to sufficiently plead a factual basis of conspiracy. Although Rule 8 does not require "detailed factual allegations," it does "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation."[26] The Supreme Court has stated that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[27] Here, Plaintiff merely makes a legal conclusion, "couched as a factual allegation," that a conspiracy has taken place and provides nothing beyond that.[28] Therefore, Plaintiff's third cause of action for conspiracy to defraud must consequently be dismissed for failure to state a claim upon which relief may be granted.

C. DISMISSAL WITH PREJUDICE

Defendant requests the Court dismiss Plaintiff's Amended Complaint with prejudice. The following is the relevant procedural history. After Defendant moved to dismiss the Complaint, Plaintiff attempted to file an Amended Complaint without having first sought leave to file. As a result, the Defendant filed Motions to Dismiss both the original Complaint and the proposed Amended Complaint. Plaintiff then filed a Motion for Leave to file her proposed Amended Complaint. The Court subsequently allowed the Plaintiff to file the Amended Complaint.

---

[25] *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1064 (Utah 2002) (citation omitted).

[26] *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

[27] *Id.* at 1950.

[28] *Id.*

Despite having filed an Amended Complaint, Plaintiff has failed to cure the deficiencies in her claims. Accordingly, the Court finds it appropriate to dismiss Plaintiff's Amended Complaint with prejudice.[29]

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 31) pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED and the Amended Complaint is Dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED   February 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[29] *Sheldon*, 269 F.3d at 1207 and n.5 (10th Cir. 2001) (affirming dismissal with prejudice under Rule 12(b)(6) where order fully disposed of case and none of the plaintiff's previous amendments to pleadings had cured deficiencies in his claims).